**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| BOYKIN JONES, #115033, | : | |
|     Plaintiff, | : | |
| Vs. | : | CIVIL ACTION 07-0693-CG-C |
| CHERYL CURTIS STRONG, | : | |
|     Defendant | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983.  This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  It is recommended that the federal claims be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because they are either frivolous or fail to state a claim upon which relief can be granted.  It is further recommended that plaintiff's state law claims be dismissed without prejudice, and that his action be dismissed in its entirety.

**I. Complaint (Doc 1).**

Plaintiff filed a complaint against defendant Cheryl Curtis Strong, Circuit Court Clerk, Dallas County, Alabama (Doc. 1).  Plaintiff's specific claim against defendant is for failure to "comply" with letters and motions sent to the defendant by plaintiff, resulting in a loss of plaintiff's right of access to the courts.  Plaintiff claims he "filed [two] motions to defendant (Clerk Cheryl Curtis Strong) to submit to the court requesting (a) case action summary (b) arrest

warrant & affidavit (c) transcript record of conviction report (d) indictments" of which the defendant failed to reply.  The plaintiff then asserts that he sent additional letters and motions to the defendant which also went unanswered.  Plaintiff claims that defendant breached her duties under an unidentified "Alabama statute" (Doc. 1. at 4), and that the "records petitioner has been denied of are records that [are] relevant to, and need[ed] to work on his criminal case." (Doc 1, at 5).  In addition, the plaintiff claims that the defendant committed mail fraud.  For relief, plaintiff seeks impeachment of the defendant, $500,000 in damages, and "whatever the Courts deem just and fair." (Doc. 1 at 5).  Moreover, there is no indication in the complaint that plaintiff paid for the requested records or that there is a state court ruling stating that he does not need to pay to receive these records.

**II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because the plaintiff is proceeding *in forma pauperis*, the Court is reviewing the plaintiff's complaint (Doc. 1) under 28 U.S.C. §1915 (e)(2)(B)[1].  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id*. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  *Id*.  Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id*.  Moreover, a complaint may be

---

[1] The predecessor to this section is 28 U.S.C. § 1915(d).  Even though Congress made many substantive changes to §1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989), was unaltered.  *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.), *cert. Denied*, 534 U.S. 1044 (2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000).  However, dismissal under §1915(e)(2)(B) is now mandatory.  *Bilal*, 251 F.3d at 1348-49.

dismissed under 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that §1915 (e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P 12(b)(6)). "The need at the pleading stage for allegations [to show plausibility] … reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1966 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 1965. "[L]abels and conclusions and a formulaic recitation" of the cause of action's elements are insufficient for grounds for entitlement to relief. *Id*. Dismissal for failure to state a claim is also warranted when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint. *Jones v. Bock*, 549 U.S. 199,127 S.Ct. 910, 920-21 (2007).

**III. Discussion.**

    **A.  Access to Courts**

Plaintiff pled his claims in vague and conclusory terms. *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) (vague and conclusory allegations will be dismissed for failure to state a claim). As a result, he has failed to present a viable federal claim in this action.

Plaintiff complains that the defendant has not "complied" with his requests for documents pertaining to his criminal case and thus has denied him access to the courts. In order to establish a violation of access to the courts, a plaintiff must establish that his right of access to the courts has been frustrated or impeded, and thereby has caused him to sustain an actual injury. *Lewis v. Casey*, 518 U.S. 343, 349-51, 353, 116 S.Ct. 2174, 2179-81 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 823, 97 S.Ct 1491, 1495 (1997)). If a plaintiff is unable to establish such an injury, then he lacks the standing necessary to bring a claim for denial of access to the courts. *Id.*

at 349-351, 116 S.Ct. at 2179-80.  In addition, the underlying claim must be shown to be non-frivolous and related to the plaintiff's direct appeal of his conviction, to his habeas petition, or to a civil rights action vindicating a basic constitutional right.  *Id.* at 354, 116 S.Ct. at 2181-82; *accord Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998) (extending the type of case in which a non-frivolous claim may be established to collateral attacks on convictions and sentences).  The underlying "claim must be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Christopher v. Harbury*, 536 U.S. 403, 416, 122 S.Ct. 2179, 2187 (2002).  "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis,* 518 U.S. at 355, 116 S.Ct. at 2182.

In the instant case, plaintiff has not demonstrated that he suffered an actual injury as a result of the defendant not responding to his request.  Initially, the plaintiff did not identify a specific criminal case in which he sought records.  In responding to the complaint form's questions, plaintiff indicates that he was convicted of murder on November 3, 1979 and received a sentence of life imprisonment.  (Doc. 1 at 6).  He also indicates that he was convicted of an unidentified offense on August 25, 2002, for which he was sentenced to fifteen years split to serve three years in prison.  According to the complaint, he completed serving this sentence in 2005.  (Doc. 1 at 6).  Thus, his failure to identify the conviction for which he sought records from defendant prevents him from establishing the injury element.

Furthermore, the underlying action that he filed or would file on the unidentified criminal conviction has not been shown to be non-frivolous.  Assuming the 1979 conviction is the conviction for which he sought records, the probability of having a non-frivolous action is extremely slight due to the age of the conviction.  *Cf.* 28 U.S.C. § 2244 (d)(1) ("A 1-year period

4

of limitation shall apply to an application for a wit of habeas corpus by a person in custody pursuant to the judgment of a state court," which shall run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.…"). Accordingly, the plaintiff has not met the requirement that he establish a non-frivolous underlying claim. Therefore, the undersigned finds that based on plaintiff's allegations, his claim for denial of access to the courts is frivolous. *Moore v. Plaster*, 266 F.3d 928, 933 (8th Cir.) (affirming the dismissal of access-to-courts claims because plaintiff made no showing the dismissed underlying actions were non-frivolous), *cert. denied*, 535 U.S. 1037 (2002); *cf. King v. Superior Court Judge*. No. 7:06-CV-80(HL), 2007 WL 25833601 at *4 (M.D. Ga. Sept. 4, 2007) (finding the clerk did not deny plaintiff his right of access to courts because plaintiff failed to show the required injury).

    **B.  Mail Fraud.**

Plaintiff asserts a conclusory claim of "mail fraud." No explanation is given as to how his allegations support a claim for mail fraud. That is, his allegations do not show that defendant sent mail to him, much less that she attempted to perpetrate a fraud. Accordingly, the mail fraud claim is due to be dismissed for failure to state a claim.

Alternatively, plaintiff did not indicate whether his claim was civil or criminal in nature. If it is of a criminal nature, it has been held that "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." *Otero v. United States Attorney General*, 832 F.2d 141,141 (11th Cir. 1987) (affirming the dismissal of an action seeking the writ of mandamus to require the defendants to investigate and prosecute a former Florida State Attorney) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 1149 (1973)). "A decision to prosecute is within the United States Attorney's substantial discretion." *United States*

*v. Ballard*, 779 F.2d 287, 295 (5th Cir.), *cert. denied*, 475 U.S. 1109 (1986).  Accordingly, a request that criminal mail fraud charges be brought against the defendant would be without merit and would be dismissed as frivolous.

### C.  Duties of Clerks.

Plaintiff also claims that the defendant failed to fulfill her duties to the plaintiff and "is thus in violation of Alabama Statute."  (Doc. 1 at 4).  This is the only state law violation that plaintiff has specifically identified.  Nevertheless, district courts are to dismiss state law claims when no federal claims remain in the action.  28 U.S.C. § 1367(c)(3); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.").  Because plaintiff's federal claims in this action are being recommended for dismissal, it is recommended that the plaintiff's state law claim be dismissed without prejudice and this Court's supplemental jurisdiction not be exercised.

## IV.  Conclusion.

Based on the foregoing reasons, it is recommended that the federal claims be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because they are either frivolous or fail to state a claim upon which relief may be granted.  It is recommended that plaintiff's state law claims be dismissed without prejudice, and that his action be dismissed in its entirety.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE AND ORDERED this 9th day of June, 2008.

                    s/WILLIAM E. CASSADY
                    UNITED STATES MAGISTRATE JUDGE

*MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT*

1. ***Objection.*** Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith,* 855 F.2d 736, 738 (11th Cir.1988); *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. Unit B, 1982)( *en banc).* The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. ***Transcript (applicable Where Proceedings Tape Recorded).*** Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.